USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __03/28/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS J. DONOGHUE,
and MARK RUBENSTEIN,

    Plaintiffs,

v.

JOHN ROSATTI, and
THE JOHN ROSATTI FAMILY TRUST Dated AUGUST 27, 2001,

    Defendants,

and

BURGERFI INTERNATIONAL, INC.,

    Nominal Defendant,

23-cv-6400-AT

Case No. _____

## STIPULATON and PROTECTIVE ORDER

  WHEREAS, the Plaintiffs, Defendant and the Nominal Defendant (collectively, only for purposes of this Protective Order, the "Parties" and each individually, a "Party") submit this proposed Protective Order to be ordered by the Court pursuant Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action and that the Parties may seek to submit to the Court in connection with this litigation; and

  IT IS HEREBY ORDERED, that the Parties, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order, will adhere to the following terms:

  1.  This Order is subject to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice.

  2.  Nothing in this Order precludes a Party from seeking relief from the Court regarding

discovery or the production of documents.

3. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a Party or person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

4. The Party producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential the portion of such material that it reasonably and in good faith believes consists of non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information. Confidential information will not include any information otherwise available to the receiving Party.

5. The Party producing or disclosing Discovery Material may designate as Highly Confidential only the portion of any Confidential material that it reasonably and in good faith believes will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Party and/or is substantially likely to cause injury to the Designating Party. Upon the production of any Discovery Material designated as Highly Confidential, the Parties agree to meet and confer promptly at the request of any Receiving Party to discuss the designation; and, if they cannot agree on the designation, they will address their dispute to this Court.

6. With respect to any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential or Highly Confidential by: Stamping or otherwise clearly marking as Confidential or Highly Confidential the protected Discovery Material or portion thereof in a manner that will not interfere with legibility or audibility.

7. A Producing Party or its counsel may designate deposition exhibits or portions of

deposition transcripts as Confidential or Highly Confidential either by:

    a. Indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order."

    b. Notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

During the 1-week period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

    8. If at any time before trial a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential or Highly Confidential designation within two (2) business days of providing such notice.

    9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

    10. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    a. The Parties to this action, their insurers, and counsel to their insurers.

    b. Counsel of record for this action, including any paralegal, clerical, contracted

3

   support personnel, or other assistant that such counsel employs and assigns to this matter.

  c. Outside vendors or service providers (such as litigation support service providers, copy-service providers and document-management consultants) that counsel hire and assign to this matter.

  d. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

  e. Stenographers engaged to transcribe depositions the Parties conduct in this action.

  f. This Court, including any appellate court, its support personnel, and court reporters.

11. Under no circumstances shall counsel disclose any part of any Discovery Material designated as Highly Confidential, or permit the same to be disclosed, given, shown, made available, summarized, excerpted, or communicated in any way to persons other than the following:

  a. Counsel of record for this action, including any paralegal, clerical, contracted support personnel, or other assistant that such counsel employs and assigns to this matter, but only to the extent necessary to assist counsel of record.

  b. A person who created, sent, or received documents designated as Highly Confidential.

  c. Any person whose testimony is taken or is to be taken in the litigation, and in preparation therefore, but only if that person, or their employer, is the Producing Party of such documents designated as Highly Confidential.

  d. Litigation support service companies specifically engaged by counsel of record for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents.

  e. Stenographers engaged to transcribe depositions the Parties conduct in this action.

  f. This Court, including any appellate court, its support personnel, and court reporters.

12. Filing Confidential or Highly Confidential Material. Before filing Confidential or Highly Material or disclosing such material in court filings, the filing party shall confer with the

Designating Party to determine whether the Designating Party will remove the Confidential or Highly Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential or Highly Confidential Material. This Order does not, by itself, authorize the filing of any document under seal. Rather, no Party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need. To the extent any motion for leave to file under seal is denied and the Court does not provide any alternative procedure or measure of protection as an alternative to filing under seal, the parties shall be entitled to file any Confidential or Highly Confidential Material that was the subject of such motion in the public record notwithstanding any other provision of this Order. Confidential or Highly Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential or Highly Confidential Material at issue. If a Challenging Party's motion to remove the confidentiality designation is granted by the Court, then the parties may file the Confidential or Highly Confidential Material in the public record unless otherwise instructed by the Court. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

13.     Any Party who requests additional limits on disclosure, may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

14.     Recipients of Confidential or Highly Confidential Discovery Material under this

Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding, and such Discovery Material shall not be disclosed, given, shown, made available, summarized, excerpted, or communicated in any way to anyone other than as permitted in this Order. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of Confidential or Highly Confidential documents and/or information.

17. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action (including all appeals), all recipients of Confidential or Highly Confidential Discovery Material must either return it (including all copies thereof) to the Producing Party, or, upon permission of the Producing Party, destroy such material (including all copies thereof). After the 60-day deadline, upon request of the Producing

Party, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

**STIPULATED AND AGREED:**

_____
Miriam Tauber
Miriam Tauber Law PLLC
David Lopez
Law Offices of David Lopez
*Attorneys for Plaintiffs*
*Dennis J. Donoghue,*
*and Mark Rubenstein*

_____
Mary Nikezic
Seth Shapiro
Zarco Einhorn Salkowski
*Attorneys for Defendants John Rosatti, and*
*The John Rosatti Family Trust dated Aug. 27, 2001*

_____
Marko Cerenko
Kluger Kaplan Silverman Katzen & Levine, P.L.
*Attorneys for Nominal Defendant*
*BurgerFi International, Inc.*

**SO ORDERED:**

Dated: 03/28/2024
New York, New York

_____
Hon. Analisa Torres, U.S.D.J. (S.D.N.Y.)