USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __08/05/2024__

# ZARCO EINHORN SAL...

ROBERT ZARCO
ROBERT M. EINHORN
ROBERT F. SALKOWSKI*
HIMANSHU M. PATEL
KAARI-LYNN S. GAGNON
MARY NIKEZIC**
MICHAEL D. BRAUNSTEIN
BRENDA PHANG
JACKY BEDA
ALEC R. SHELOWITZ
MELISSA ARMENTEROS

_____
* ALSO ADMITTED TO PRACTICE IN NJ
** ALSO ADMITTED TO PRACTICE IN IL

**ATTORNEYS AT LAW**
2 S. BISCAYNE BLVD.
34TH FLOOR
MIAMI, FLORIDA 33131

TELEPHONE: (305) 374-5418
TELEFAX: (305) 374-5428

**WEST PALM BEACH**
TELEPHONE: (561) 721-2861

**WWW.ZARCOLAW.COM**

August 1, 2024

**VIA CM/ECF**
Hon. Analisa Torres, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     ***(Partially)*** Unopposed Pre-Letter to Seal Confidential Settlement Agreement
        *Donoghue v. Rosatti*, No. 23-CV-6400-AT (S.D.N.Y.)

Dear Judge Torres:

This law firm represents Defendants, John Rosatti and The John Rosatti Family Trust, dated August 27, 2001 (the "Rosatti Trust") in the above-referenced action. Plaintiffs and Defendants are moving for full summary judgment and are filing their pre-motion letters today. As per this Judge's Individual Practices, the parties are required to attach their rule 56.1 statements to their pre-motion letters. In their rule 56.1 statements, both Defendants and Plaintiffs cite to a document that is highly confidential.[1] Specifically, the document at issue is a Confidential Settlement Agreement and Mutual Release by and between the Rosatti Trust and nominal Defendant, BurgerFi International, Inc.[2] This Court should seal the Confidential Settlement Agreement because public disclosure of this document would cause financial harm and discourage the public's interest in facilitating the efficient resolution of disputes through negotiated settlements.

_____

[1] Indeed, Defendants produced the Confidential Settlement Agreement to Plaintiffs in discovery, bate stamped as ROSATTI000116–000135, under the agreement that it would remain confidential.

[2] A true and correct copy of the Confidential Settlement Agreement is filed under seal concurrently herewith.

# ZARCO EINHORN SALKOWSKI
ATTORNEYS AT LAW

As explained in Defendants' Statement of Material Facts, on March 28, 2022, the Rosatti Trust filed a suit against BFI alleging that the Rosatti Trust suffered losses in excess of $10 million relating to BFI's alleged failure to timely file a registration statement. The parties entered into the Confidential Settlement Agreement on January 11, 2023, whereby BFI agreed to pay Mr. Rosatti a settlement sum comprising a combination of cash and shares. The Confidential Settlement Agreement resolved all remaining disputes between the parties, including a post-merger issue concerning the transfer of certain corporate-run BurgerFi locations. Notably, a material aspect of the parties' settlement was that it remains strictly confidential, and each of the parties acknowledged and agreed to keep the terms, conditions and provisions of the Confidential Settlement Agreement confidential.

Under relevant Second Circuit authority, it is appropriate to permit the parties to file the Confidential Settlement Agreement under seal. In fact, the Second Circuit "strongly endorses the confidentiality of settlement agreements in virtually all cases," *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673 (S.D.N.Y. 2009) (emphasis added). This is one of those cases where confidentiality should be endorsed. The standards for filing documents under seal in this Circuit were set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In that case, the Second Circuit noted that "[t]he common law right of public access" attaches to so-called "judicial documents," including papers filed in support of motions for summary judgment. *Id*. at 119, 126. However, whereas here, because the document pertains to settlement confidentiality, the presumption of access is weak. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (explaining that there is no presumptive right of access in settlement documents that were entered into on a confidential basis); *Schoeps*, 603 F. Supp. at n.2 ("[T]he Second Circuit has found…that the presumption of access is weak when settlement confidentiality is concerned.").

Indeed, in cases such as this one, courts must "'balance competing considerations against'" this right of public access. *Id*. at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Valid competing considerations exist where the disclosure of confidential commercial information would subject a party to "financial harm" or could cause a party "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009). Another countervailing interest is the public policy that favors compromise of hard-fought complex litigation. *See Palmieri v. State of N.Y.*, 779 F.2d 861, 864 (2d Cir. 1985) (reversing a district court's modification of a sealing order covering a settlement agreement and citing the "need of our district courts and civil litigants to facilitate efficient resolution of disputes through negotiated settlements"); *Hasbrouck v. BankAmerica Housing Servs.*, 187 F.R.D. 453,458 (N.D.N.Y. 1999) (granting protective order preventing disclosure of settlement agreement after noting that "protecting the confidentiality of the settlement agreement promotes the important public policy of encouraging settlements").

Here, this Court should seal the Confidential Settlement Agreement because the competing interests far outweigh the public's weak right of access to the same. First, disclosing the Confidential Settlement Agreement could subject BurgerFi International, Inc. to significant financial harm and competitive disadvantage. Indeed, the settlement terms include sensitive financial information and strategic business considerations that could be exploited if made public,



Hon. Analisa Torres
Page 3 of 4

potentially affecting the company's stock price and competitive positioning. Secondly, there is a strong public policy interest in preserving the confidentiality of settlement agreements, particularly in complex litigation. As noted in *Palmieri*, protecting the confidentiality of settlement agreements facilitates the efficient resolution of disputes through negotiated settlements. 779 F.2d at 864. The public policy favoring compromise and settlement of hard-fought disputes underscores the importance of maintaining the confidentiality of such agreements to encourage future settlements and avoid prolonged litigation. By sealing the Confidential Settlement Agreement, the court upholds this policy, ensuring that parties are able to negotiate and resolve disputes without fear that the terms of their agreement will be publicly disclosed and potentially undermined.

In summary, sealing the Confidential Settlement Agreement aligns with established legal principles and public policy interests. It prevents potential financial harm and competitive disadvantage to the parties, supports the efficient resolution of complex disputes, and encourages the settlement of disputes. Therefore, the Court should seal the Confidential Settlement Agreement.

Respectfully submitted,

By:  */s/ Mary Nikezic*
**ZARCO EINHORN SALKOWSKI, P.A.**
2 South Biscayne Blvd., 34th Floor
Miami, FL 33131
Tel.: (305) 374-5418
M. Mary Nikezic
MNikezic@zarcolaw.com

cc:    All Counsel of Record (via CM/ECF)

### Plaintiffs' Response to Defendants' Request to Seal:

Plaintiffs do not oppose Defendants' request to file the Settlement Agreement under seal. However, Plaintiffs note that the following details about the Settlement Agreement have been publicly disclosed by BurgerFi (*see* BurgerFi 10K, 4/10/2024):

> "The fair value of consideration paid in the John Rosatti settlement was $0.9 million and included $0.5 million in cash and the issuance of 200,000 shares of Company common stock valued at $0.4 million. The fair value of net liabilities assumed in the transaction was $0.1 million which included lease liabilities and operating assets and liabilities including property and equipment of two stores, net of pre-existing liabilities accrued."

> "Two operating stores [] were transferred to BurgerFi on January 23, 2023, as a result of the settlement."

Plaintiffs oppose the filing of references to this publicly available information (e.g., in the text of Plaintiffs' Rule 56.1 Statement) under seal.



Hon. Analisa Torres
Page 4 of 4

Respectfully,

*/s/ Miriam Tauber*

_____

Miriam Tauber
*Attorney for Plaintiffs*

Sealing "can be justified by the need to protect trade secrets or other competitively sensitive business information." *Stinson v. City of New York*, No. 18 Civ. 27, 2018 WL 11585446, at *3 (S.D.N.Y. Dec. 27, 2018). At this stage, where Defendants are only requesting leave to move for summary judgment—and not moving for summary judgment itself (a potentially dispositive motion)—"the presumption of public access that attaches to these documents is lower." *Richards v. Kallish*, No. 22 Civ. 9095, 2023 WL 7126311, at *2 (S.D.N.Y. Oct. 30, 2023); *cf. Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."). The Court GRANTS Defendant's motion to file the settlement agreement under seal at this stage.

However, the Court agrees with Plaintiffs that to the extent that BurgerFi publicly disclosed information about the settlement agreement, that information need not be redacted solely because it also appears in the settlement agreement. Moreover, although there is some Second Circuit precedent that instructs courts to respect the confidentiality of settlements when not filed with or interpreted by a court, documents filed with the court become "judicial records" triggering the public's common law right of access. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (collecting cases). Therefore, if the parties seek to file the settlement agreement under seal when moving for or opposing summary judgment, they must again move to seal the agreement and, in their papers, address the more onerous standard applicable to the documents filed in conjunction with summary judgment.

The Clerk of Court is directed to terminate the motion at ECF No. 59.

SO ORDERED.

Dated: August 5, 2024
New York, New York

_____

ANALISA TORRES
United States District Judge