```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DENNIS J. DONOGHUE,
and MARK RUBENSTEIN,

                            Plaintiffs,

        -against-

JOHN ROSATTI, and
THE JOHN ROSATTI FAMILY TRUST Dated
AUGUST 27, 2001,

                            Defendants,

        and

BURGERFI INTERNATIONAL, INC.,

                            Nominal Defendant.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/18/2024
```

23 Civ. 6400 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs bring this action under Section 16(b) of the Securities Exchange Act of 1934, codified as amended at 15 U.S.C. § 78p(b), to recover profits realized by Defendants from their short-swing trading of stock issued by Nominal Defendant, BurgerFi International, Inc. ("BurgerFi"). *See generally* ECF No. 1.

    On September 11, 2025, BurgerFi filed a suggestion of bankruptcy, explaining that it had petitioned for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware and that, pursuant to 11 U.S.C. § 362(a), its filing of the petition "operates as an automatic stay . . . of the commencement or continuation of any judicial, administrative, or other proceeding against the Debtor, the enforcement of any judgment against the Debtor or the Debtor's property, and any act to collect assets, or recover any claims or judgments against the Debtor, except as specifically provided in" the statute. ECF No. 69 at 1. Four days later, Plaintiffs responded to BurgerFi's notice, contending that Section 362(a)'s automatic stay does not apply to this action because the action "does not involve a claim against [BurgerFi,] but rather a claim to vindicate a statutory asset of the Plaintiffs brought for the benefit of [BurgerFi]." ECF No. 70 at 1.

    Under 11 U.S.C. § 362(a), the filing of a Chapter 11 bankruptcy petition operates as an automatic stay of, *inter alia*, "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy proceeding]," and of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.* § 362(a)(1), (3). In determining whether this automatic stay applies, "the important

question for the Court to answer is whether the right to recover on the stated cause of action belongs in the first instance to the creditor or to the debtor estate." *Kommanditselskab Supertrans v. O.C.C. Shipping, Inc.*, 79 B.R. 534, 540 (S.D.N.Y. 1987).  If a plaintiff "is suing to recover on a right of action belonging to the debtor corporation," the stay takes effect; if a plaintiff "is suing to recover on a right of action belonging to the plaintiff personally," the stay does not take effect.  *Id.*  For this reason, derivative actions brought by shareholders on behalf of corporations undergoing bankruptcy are typically stayed under Section 362(a).  *See Schaffer ex rel. Lasersight, Inc. v. CC Invests., LDC*, 286 F. Supp. 2d 279, 281 (S.D.N.Y. 2003).

Although Plaintiffs brought this action "on behalf of Nominal Defendant BurgerFi," ECF No. 72 at 1, their claim is not a classically derivative claim because the Section 16(b) cause of action "is a statutory enabling right directly empowering the shareholder to sue," not "a derivative or secondary right grounded on rights and interests possessed primarily by the corporation and emanating from common law," *Schaffer*, 286 F. Supp. 2d at 282.  Courts in this District therefore disagree about whether Section 362(a)'s automatic stay applies to a pending Section 16(b) suit.  *Compare Schaffer*, 286 F. Supp. 2d at 282–83 (describing the Section 16(b) cause of action as "primarily belonging" to a shareholder plaintiff and denying a stay), *with In re XO Commc'ns, Inc.*, 330 B.R. 394, 431 (S.D.N.Y. 2005) (asserting that "the status of a debtor as a nominal defendant under [S]ection 362(a)(1)" and "a debtor's interest in the potential proceeds from [a Section 16(b)] action" could warrant a stay).

The Court concludes that Section 362(a)'s automatic stay applies.  The Court reads the statute's plain language as encompassing this action, which Plaintiffs brought "against" BurgerFi, even if only as a nominal defendant.  *See* 11 U.S.C. § 362(a)(1).  In addition, the Second Circuit has held, albeit in a nonprecedential opinion, that "the cause of action to recover short-swing profits bec[omes] the exclusive 'property' of the debtor-in-possession . . . at the moment [the debtor] file[s] for bankruptcy protection."  *iXL Enters., Inc. v. GE Cap. Corp.*, 167 F. App'x 824, 827 n.2 (2d Cir. 2006).  Accordingly, if Plaintiffs wish to pursue this action, they must first obtain permission from the bankruptcy court.  *Id.*

This case is STAYED pending BurgerFi's Chapter 11 proceeding.  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 71 and 79.

SO ORDERED.

Dated: November 18, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge