UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL F. DOOLEY,
*as LIQUIDATING TRUSTEE for
BURGERFI INTERNATIONAL, INC.*,

                Plaintiff,

       -against-

JOHN ROSATTI, and
The JOHN ROSATTI FAMILY TRUST
*Dated AUGUST 27, 2001*,

              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/27/2026__

23 Civ. 6400 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 24, 2023, Dennis Donoghue and Mark Rubenstein ("Shareholder Plaintiffs") brought this action under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), to recover profits realized by Defendants, John Rosatti and the John Rosatti Family Trust dated August 27, 2001 (the "Rosatti Trust"), from Defendants' short-swing trading of stock issued by former Nominal Defendant, BurgerFi International, Inc. ("BurgerFi"). *See generally* Compl., ECF No. 1. By order dated May 19, 2025 (the "May 19 Order"), the Court granted the Shareholder Plaintiffs' motion to substitute Daniel F. Dooley, as liquidating trustee for BurgerFi, as Plaintiff in this action. *See* May 19 Order, ECF No. 82. Before the Court is Defendants' motion for reconsideration of the May 19 Order. *See* Mot., ECF No. 91; Mem., ECF No. 91-1; Opp., ECF No. 94; Reply, ECF No. 96. For the reasons stated below, the Court grants the motion.

## BACKGROUND

In 2010, John Rosatti founded BurgerFi, an American fast-casual restaurant chain, and eventually sold the chain to a "Special Purpose Acquisition Company." Defs. 56.1 ¶¶ 1, 3, ECF

No. 65.[1]  After the transaction closed on December 16, 2020, BurgerFi began trading publicly on NASDAQ.  *See id.* ¶ 11; BurgerFI Confirmation Order ("BFI Plan") Art. III § 3.1, ECF No. 91-2.  Rosatti and BurgerFi disputed certain post-closing payments and obligations, which led to a litigation settlement, with an executed settlement agreement dated January 11, 2023.  *See* Defs. 56.1 ¶¶ 29, 31.  Under the settlement agreement, BurgerFi agreed to compensate the Rosatti Trust through a combination of cash payments and the issuance of 200,000 BurgerFi common stock shares ("settlement shares"), as well as shares that BurgerFi held in escrow for post-closing contingencies ("escrow shares").  *Id.* ¶¶ 29, 32; Compl. ¶ 13.  On July 24, 2023, Shareholder Plaintiffs brought this action derivatively on behalf of BurgerFi, as purported shareholders of the company, alleging that Defendants realized and retained certain short-swing profits from the settlement and escrow shares that should have been paid to BurgerFi.  Compl. ¶¶ 13, 18–19; Mem. at 3.  Shareholder Plaintiffs included BurgerFi as a Nominal Defendant in this action "in order to have all necessary parties before the Court."  Compl. ¶ 5.

On September 11, 2024, BurgerFi filed a "Suggestion of Bankruptcy," which notified the Court and the parties that BurgerFi filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware, and, therefore, this action should be automatically stayed under Section 362(a) of the Bankruptcy Code.  *See* ECF No. 69 (Suggestion of Bankruptcy).  On November 18, 2024, the Court stayed this action pending BurgerFi's Chapter 11 proceedings.  *See* ECF No. 80.  On March 12, 2025, the Delaware Bankruptcy Court entered an order confirming a Chapter 11 plan of liquidation, which "cancelled and extinguished," as of

---

[1] Prior to Defendants' instant motion for reconsideration, the parties exchanged pre-motion letters and Rule 56.1 statements for the parties' anticipated cross-motions for summary judgment.  *See* ECF Nos. 61, 63, 65, 82–83.  The Court references the parties' Rule 56.1 statements solely for the purpose of providing the factual background of the case.  Citation to a paragraph of a party's Rule 56.1 statement also includes the opposing party's response.

March 17, 2025, "any share of common stock, preferred stock, or other equity interests" in BurgerFi. *See* BFI Plan Art. VI § 6.9(b); BFI Plan Ex. A¶ 87; Notice of Effective Date at ¶ 2, ECF 91-3. On March 17, 2025, BurgerFi filed a Form 8-K with the Securities Exchange Commission, which announced that "upon the occurrence of the Effective Date, all existing equity interests of the Company were cancelled and extinguished without consideration in accordance with the terms of the [BFI] Plan." BFI 8-K at 2, ECF No. 91-4.

On May 14, 2025, Shareholder Plaintiffs filed a letter-motion seeking to lift the stay imposed by the Court's November 2024 order and to substitute Daniel F. Dooley, as the liquidating trustee for BurgerFi (the "Trustee"), as the Plaintiff in this action. Ltr. Mot., ECF No. 81. The Court granted the motion on May 19, 2025. *See* May 19 Order. Defendants now move for reconsideration of that order, arguing that the BFI Plan canceled and extinguished all equity interests in BurgerFi, including those of Shareholder Plaintiffs, which rendered the case moot at the time of the Court's May 19 order. *See generally* Mot.; Mem.

## DISCUSSION

### I.    Legal Standard

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (citation omitted). It should be granted "when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Only errors that are "direct, obvious, and observable," *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (citation omitted), or that

3

leave the Court "with the definite and firm conviction that a mistake has been committed," *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted), warrant reconsideration.

"A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" *Mikhaylova v. Bloomingdale's Inc.*, No. 19 Civ. 8927, 2023 WL 2237541, at *1 (S.D.N.Y. Feb. 27, 2023) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).  Such a motion is appropriate, however, when "the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the [C]ourt." *Regent Ins. Co. v. Storm King Contracting, Inc.*, No. 06 Civ. 2879, 2008 WL 1985763, at *1 (S.D.N.Y. May 7, 2008) (citation omitted).  Under Federal Rule of Civil Procedure 54(b), "upon a motion to reconsider a district court has the discretion to reconsider, and if appropriate, revise an interlocutory order." *Bennett v. Verizon Wireless*, No. 04 Civ. 6314, 2008 WL 216073, at *1 (W.D.N.Y. Jan. 24, 2008), *aff'd*, 326 F. App'x 9 (2d Cir. 2009) (cleaned up).

II.     Mootness[2]

Defendants argue that reconsideration of the Order is warranted because the Court "did not address a threshold jurisdiction defect created by BurgerFi's bankruptcy"—that is, whether the BFI Plan rendered the Shareholder Plaintiffs' Section 16(b) claims moot, divesting this Court

---

[2] Local Civil Rule 6.3 requires motions for reconsideration of a court's order to be filed within 14 days after entry of the challenged order.  Although Defendants submitted their letter motion seeking leave to file a motion for reconsideration more than 14 days after the Court's May 19 Order, *see* ECF No. 85, in its discretion, the Court nonetheless considers the motion given the importance of the issues that Defendants now raise.  *See Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) ("The district court generally 'had broad discretion to determine whether to overlook a party's failure to comply with local court roles.'"); *Wells v. Connolly*, No. 07 Civ. 1390, 2008 WL 4443940, at *1 (S.D.N.Y. Sep. 25, 2008).

4

of subject matter jurisdiction to substitute the Trustee as Plaintiff in this action.  Mem. at 1.

Shareholder Plaintiffs argue that the Court properly substituted the Trustee as Plaintiff pursuant

to Federal Rule of Civil Procedure 17 and reconsideration is, therefore, not merited.  Opp. at 5–8.

The Court finds that reconsideration is warranted because "the district court is obligated to

examine, *at any time*, whether it has subject matter jurisdiction to consider the claims asserted in

an action."  *Moody v. United States Postal Serv.*, No. 25 Civ. 9790, 2026 WL 353611, at *5

(S.D.N.Y. Feb. 9, 2026) (emphasis in original) (citing Fed. R. Civ. P. 12(h)(3)).

Because this Court's jurisdiction is limited to live "cases" or "controversies," *see* U.S.

Const. art. III, § 2, when a case or controversy becomes moot, the Court no longer has

jurisdiction.  To determine whether a claim is moot, the Court asks whether a plaintiff continues

to have a "personal stake" in the litigation.  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66,

72 (2013) (citation omitted).  As relevant here, in the Section 16(b) context, the plaintiff must

establish "some continuing financial interest in the outcome of the litigation."  *Gollust v.

Mendell*, 501 U.S. 115, 126 (1991).

The Court, therefore, assesses whether Shareholder Plaintiffs had a continuing financial

stake in their 16(b) claims at the time of the May 19 Order.

The confirmation of a Chapter 11 bankruptcy plan "bind[s] the debtor . . . and any

creditor, equity security holder, or general partner in the debtor, whether or not the claim or

interest of such creditor, equity security holder, or general partner is impaired under the plan."

11 U.S.C. § 1141(a); *see also In re Bed Bath & Beyond Inc. Section 16(B) Litig.*, No. 22 Civ.

9327, 2024 WL 2958743, at *4 (S.D.N.Y. June 11, 2024).  "'A confirmed plan holds the status

of a binding contract between the debtor and its creditors,' or investors, which courts outside

bankruptcy are not at liberty to alter."  *See In re Bed Bath & Beyond*, 2024 WL 2958743, at *4

5

(alteration adopted) (quoting *In re Victory Mkts.*, 221 B.R. 298, 303 (B.A.P. 2d Cir. 1998)).

When the plain text of the bankruptcy plan is unambiguous and unequivocal, the "Court must

adopt the plain and natural meaning only of the words contained" within the BFI Plan. *In re*

*Victory Mkts.*, 221 B.R. at 303.

Here, the plain language of the BFI Plan states that "any share of common stock,

preferred stock, or other equity interests" shall be "canceled and extinguished on the Effective

Date," which was March 17, 2025. *See* BFI Plan Art. VI § 6.9(b); BFI Plan  Ex. A¶ 87; Notice

of Effective Date at ¶ 2.  Shareholder Plaintiffs brought this action as "security owner[s] of

BurgerFi."  Compl. ¶ 2 (capitalization modified).  Claims for disgorgement of short-swing

profits under Section 16(b) may be filed either by "the issuer [of the security], or by the owner of

any security of the issuer." *Morrison v. Eminence Partners II, L.P.*, 714 F. App'x 14, 16 (2d Cir.

2017) (citing 15 U.S.C. § 78p(b)).  By March 17, 2025, any equity interest Shareholder Plaintiffs

had in BurgerFi was extinguished or canceled, and Shareholder Plaintiffs have not established

any other basis for a "continuing financial interest in the outcome of this litigation." *Gollust*, 501

U.S. at 126.  Therefore, at the time of the May 19 Order, Shareholder Plaintiffs' claims were

moot.  However, the Court "maintains jurisdiction to determine whether a substitute plaintiff

would avoid" mootness in the action. *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*,

906 F.3d 215, 218 (2d Cir. 2018).

III.     Rule 17(a)(3)

Shareholder Plaintiffs do not dispute that their BurgerFi equity interests have been

canceled and no longer have effect. *See generally* Opp.  Instead, Shareholder Plaintiffs argue

that "the Court is empowered to order substitution to avoid dismissal for mootness" under

Federal Rule of Civil Procedure 17. *Id.*at 5.  Defendants argue that Shareholder Plaintiffs'

motion for substitution was procedurally and substantively improper because: (1) the Court did not set a briefing schedule on the motion before granting it; (2) Plaintiffs did not bring the motion pursuant to Rule 17, and, instead, raise Rule 17 now in their opposition as a post-hoc rationalization for their motion for substitution; and (3) Plaintiffs did not attach an amended pleading with their motion to establish the Trustee's role or legal entitlement to proceed as Plaintiff in this action. *See* Mem. at 12; Reply at 2.

Rule 17 directs the Court to "not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3); *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) ("[T]here plainly should be no dismissal where substitution of the real party in interest is necessary to avoid injustice." (citation omitted)). "Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the Shareholder complaint's factual allegations as to the events or the participants." *Klein*, 906 F.3d at 226 (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)). "A court may also deny a Rule 17(a) substitution if doing so would otherwise result in unfairness to defendants." *Klein*, 906 F.3d at 226 (citation and quotations omitted).

Shareholder Plaintiffs' letter motion to substitute the Trustee as Plaintiff was not made pursuant to Rule 17. *See generally* Ltr. Mot. In their letter, Shareholder Plaintiffs raised two grounds to substitute the Trustee as Plaintiff including that: (1) the BFI Plan "empower[ed] the . . . Trustee with all rights and powers of a trustee under the U.S. Bankruptcy Code," and so the Trustee exercised that authority "to retain Plaintiffs' counsel to continue their prosecution of this § 16(b) case," *id.* at 1; and (2) the Trustee would be properly substituted consistent with the

7

Second Circuit's holding in *iXL Enterprises, Inc. v. GE Capital Corp.*, 167 Fed. App'x 824 (2d Cir. 2006), which Shareholder Plaintiffs claimed "affirmed the district court's order substituting the debtor as plaintiff after the company/nominal defendant filed for bankruptcy while [a] § 16(b) action was pending," Ltr. Mot. at 2. Nowhere in Shareholder Plaintiffs' letter motion do they address the issue of mootness or the jurisdictional issue raised by the BFI Plan's cancellation and extinguishment of all equity shares in BurgerFi. They do not cite Rule 17 or purport to bring the motion under the Rule. *See generally id.* The Court, therefore, rejects Shareholders Plaintiffs' new attempt to justify their motion for substitution pursuant to Rule 17(a). *See* Opp. at 8–11. Further, Shareholder Plaintiffs themselves concede that the *iXL Enterprises* case does not bind the Court. *See* Opp. at 8 ("Defendants correctly note that *ixL* is a 'non-precedential' opinion.") That case did not involve an issue of mootness and concerned a nominal defendant who formally moved to substitute itself under Rules 17 and 25(c). *See iXL Enterprises*, No. 01 Civ. 2051, 2005 WL 736820, at *1–2 (D. Conn. Mar. 31, 2005).

Even when a Section 16(b) motion becomes moot, the Court "maintains its jurisdiction at least long enough to determine . . . whether a substitution could avoid mootness." *Klein*, 906 F.3d at 225. The Court, therefore, agrees with Defendants that prior to the May 19 Order, they should have been permitted to fully brief Shareholder Plaintiffs' substitution motion. At the time of their letter, Shareholder Plaintiffs stated that they had "not received a response" regarding Defendants' position on the proposed substitution. *Id.* at 2. In the interest of fairness, the Court finds that allowing further briefing on the issue of substitution of the Trustee will permit Shareholder Plaintiffs to put forward their motion for substitution with the benefit of this order and will allow Defendants to raise the opposing arguments that they now seek to raise in their motion but were not able to at the time of the May 19 Order.

8

Accordingly, by **April 24, 2026**, Shareholder Plaintiffs shall file their motion to substitute the Trustee as Plaintiff in this action.  By **May 22, 2026**, Defendants shall file their opposition.  By **June 5, 2026**, Shareholder Plaintiffs shall file their reply, if any.

Because the Court continues to consider the issue of substitution, briefing on summary judgment shall continue to be held in abeyance pending the Court's resolution of Shareholder Plaintiffs' anticipated motion.

**CONCLUSION**

For the reasons stated above, Defendants' motion for reconsideration is GRANTED, and the May 19 Order at ECF No. 82 is MODIFIED to DENY Shareholder Plaintiffs' motion at ECF No. 81 without prejudice to renewal.  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 91 and 97, and amend the case caption as follows:

| |
|---|
| DENNIS J. DONOGHUE, and MARK RUBENSTEIN, <br><br> Plaintiffs, <br><br> -against- <br><br> JOHN ROSATTI, and THE JOHN ROSATTI FAMILY TRUST Dated AUGUST 27, 2001, <br><br> Defendants, <br><br> and <br><br> BURGERFI INTERNATIONAL, INC., <br><br> Nominal Defendant. |

SO ORDERED.

Dated: March 27, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

10